765 P.2d 136

**James PRITCHARD and Antoinette Pritchard, Plaintiffs–Appellants,**

v.

**STATE of Idaho, and John Doe(s) and/or Jane Doe(s), employee(s), agent(s) of the State of Idaho, Defendants–Respondents.**

No. 17215.

Supreme Court of Idaho.

Nov. 22, 1988.

Michael J. Vrable, Hayden, for plaintiffs-appellants.

Jim Jones, Atty. Gen., Boise, and Eismann & Kosonen, Coeur d'Alene, for defendants-respondents. Samuel Eismann argued.

JOHNSON, Justice.

This is a tort claims case. The only issue presented is whether the complaint states a claim upon which relief can be granted. We affirm the decision of the trial court that it does not.

## I.

### THE ALLEGATIONS OF THE COMPLAINT AND THE DISMISSAL

The complaint alleges that:

1. A convicted felon and prisoner of the State of Idaho (the parolee) was paroled and assigned to the custody of the State of Arizona prior to January 11, 1985.

2. On or about January 11, 1985, the parolee burglarized the residence of the Pritchards and shot James Pritchard with a firearm causing the Pritchards damage.

3. The State of Idaho had the duty, responsibility, authority and discretion to supervise properly the parole of the parolee and to ensure that the State of Arizona properly supervised and controlled the parolee.

4. The failure of the State of Idaho properly to supervise the parolee, to revoke his parole, or to incarcerate him constituted negligence, gross negligence, and intentional harm to the Pritchards.

The State of Idaho moved to dismiss on the ground that the complaint failed to state a claim against the State upon which relief could be granted. The trial court granted the motion.

## II.

### IMMUNITY GRANTED BY I.C. § 20–231.

I.C. § 20–231 provides:

Neither a public entity nor a public employee or servant shall be financially responsible or liable for any injury resulting from determining whether to parole or release a prisoner or from determining the terms or conditions of his parole or release or from determining whether to revoke his parole or release.

■ The Idaho Tort Claims Act (I.C. §§ 6–901 *et seq.*) provides that it does not "enlarge or otherwise adversely affect the liability of an employee or a governmental entity," and that "[a]ny immunity or other bar to a civil lawsuit under Idaho or federal law shall remain in effect." I.C. § 6–903(f). Therefore, the immunity granted in I.C. § 20–231 is not affected by the tort claims act.

■ Under I.C. § 20–231 the State of Idaho is immunized from any liability for any injury resulting from the decision to parole the parolee, from the determination of the terms and conditions of his parole, and from deciding whether to revoke his parole. *See, e.g., Walton v. State,* 112 Idaho 503, 733 P.2d 724 (1987). The trial court's dismissal of those portions of the complaint alleging the liability of the State on these grounds was proper.

## III.

### THE STATE OF ARIZONA AND NOT THE STATE OF IDAHO HAD THE DUTY TO SUPERVISE THE PAROLEE.

The complaint alleges that the State of Idaho had the duty to supervise the parolee and to ensure that the State of Arizona properly supervised the parolee. If these allegations were true, the dismissal of the portions of the complaint containing them

would have been improper. However, we agree with the trial court that these were not duties of the State of Idaho after the parolee was transferred to Arizona.

Idaho adopted the Uniform Act for Out-of-State Parolee Supervision (the Compact) in 1941. I.C. § 20–301. Arizona adopted the Compact in 1937. Ariz.Rev.Stat.Ann. § 31–461 (1986). The Compact provides that a state that is a party to the Compact (the sending state) may permit a person released on parole in that state to reside in another state that is a party to the Compact (the receiving state). The receiving state assumes "the duties of visitation and of supervision over ... parolees of any sending state and in the same standards that prevail for its own ... parolees." I.C. § 20–301(2).

■ The Pritchards assert that I.C. § 20–231 does not immunize the state from liability for injury caused by failure to supervise a parolee. *Cf. Sterling v. Bloom,* 111 Idaho 211, 224, 723 P.2d 755, 768 n. 7 (1986). We find it unnecessary to reach this question, since after the transfer of the parolee to Arizona under the Compact, Arizona, and not Idaho, was responsible for the supervision of the parolee.

I.C. § 20–219 provides that the state board of correction is "charged with the duty of supervising all persons ... released from the state penitentiary on parole." However, this section when read in connection with I.C. § 20–301(2) can only mean that the legislature intended that the board of correction would supervise parolees from the Idaho penitentiary who remain in Idaho. There is evidence in I.C. § 20–219 itself that this was the intent of the legislature. When this section was enacted in 1947, it contained, as it does now, the provision that the board of correction would also have "the duty of supervising ... all persons released on parole ... from other states and residing in the State of Idaho." 1947 Idaho Sess.Laws ch. 53, § 19, p. 63. This was a clear acknowledgment by the legislature of the provision of the Compact contained in I.C. § 20–301(2). The legislature knew when it enacted I.C. § 20–219 that an Idaho parolee who is transferred to another state is under the supervision of the receiving state and no longer under the supervision of Idaho.

■ The Pritchards also assert that Idaho was not immunized from failure to ensure that Arizona properly supervised and controlled the parolee. Under the Compact once the parolee has been transferred to the receiving state, the sending state retains only the authority to enter the receiving state and apprehend and retake the parolee. I.C. § 20–301(3). The Compact does not state that it is the duty of the sending state to ensure that the receiving state properly supervises or controls the parolee. The clear language of I.C. § 20–301(2) is that the receiving state will assume the supervision of a parolee of a sending state. To impose on the sending state the duty to ensure that the receiving state properly supervised and controlled parolees from the sending state would negate this clear language. It would also impose an impossible burden upon the sending state. We are not prepared to read such a duty into the Compact.

## IV.

## CONCLUSION

We affirm the order of the trial court dismissing the complaint.

Costs to the respondent. No attorney fees were requested.

SHEPARD, C.J., BAKES and HUNTLEY, JJ., and TOWLES, J., pro tem., concur.